IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 3:22-CR-06-KAC-DCP |
| ) | |
| OSMAN SAAVEDRA-SARMIENTO, ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM AND ORDER**

All pretrial motions in this case have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or recommendation as appropriate. This case is before the Court on Defendant Osman Saavedra-Sarmiento's Unopposed Motion to Continue All Deadlines and Trial [Doc. 15], filed on March 10, 2023.

In his motion, Defendant Saavedra-Sarmiento asks the Court to continue the April 11, 2023 trial date and related deadlines. Counsel for Defendant states that she is in active negations with the Government to resolve this matter. Counsel relates that granting the requested continuance would provide the parties an opportunity to make a full resolve of this case. Counsel states that Defendant is currently housed in Laurel County Correction Complex in London, Kentucky, nearly one-hundred miles from counsel's office and that an interpreter is needed in order for counsel to communicate with Defendant. Counsel avers that granting the requested continuance would serve the ends of justice in that the need for additional time to properly prepare the case outweighs the best interests of the public and Defendant in a speedy trial. Counsel states that the right to a speedy trial has been explained to Defendant, who understands that the period of time between the filing of the instant motion and rescheduled trial date would be fully excludable for speedy trial purposes. Finally, counsel relates

that she has corresponded with Assistant Untied States Attorney LaToyia Carpenter, who does not oppose the requested continuance.

Based upon the information provided by Defendant in his motion and the lack of opposition by the Government, the Court finds the ends of justice served by granting a continuance outweigh the interests of Defendant and the public in a speedy trial. *See* 18 U.S.C. § 3161(h)(7)(A). In making this determination, the Court has considered the factors set forth in 18 U.S.C. § 3161(h)(7)(B). Specifically, the Court concludes that failing to grant a continuance would both result in a miscarriage of justice and deny counsel for Defendant the reasonable time necessary for effective preparation, taking into account the exercise of due diligence. *See id.* § 3161(h)(7)(B)(i)–(iv). Counsel needs time to continue plea negotiations with the Government and, if plea negotiations are not fruitful, prepare for trial—a task made more difficult by Defendant's pretrial confinement in another state and the fact that an interpreter is required for counsel to communicate with him. The Court finds that, for these reasons, Defendant will not be prepared for trial by the April 11, 2023 trial date.

The Court therefore **GRANTS** Defendant Saavedra-Sarmiento's Unopposed Motion to Continue All Deadlines and Trial [**Doc. 15**]. The trial of this case is reset to **June 20, 2023**. A new, comprehensive, trial schedule is included below. Because the Court has found that the ends of justice served by granting a continuance outweigh the interests of Defendant and the public in a speedy trial, all of the time between the filing of the motion on March 10, 2023, and the new trial date is fully excludable time under the Speedy Trial Act. *See* 18 U.S.C. § 3161(h)(1)(D), -(h)(7)(A)–(B).

Accordingly, it is **ORDERED** as follows:

(1) Defendant Osman Saavedra-Sarmiento's Unopposed Motion to Continue All Deadlines and Trial [**Doc. 15**] is **GRANTED**;

(2) The trial of this matter is reset to commence on **June 20, 2023, at 9:00 a.m.**, before the Honorable Katherine A. Crytzer, United States District Judge;

(3) All time between the filing of the motion on **March 10, 2023**, and the new trial date of **June 20, 2023**, is fully excludable time under the Speedy Trial Act for the reasons set forth herein;

(4) The deadline for filing pretrial motions is extended to **March 31, 2023**. Responses to motions are due on or before **April 14, 2023**;

(5) The deadline for filing a plea agreement in the record and providing reciprocal discovery is **May 19, 2023**;

(6) The deadline for filing motions *in limine* is **June 5, 2023**;

(7) The parties are to appear before the undersigned for a final pretrial conference on **June 6, 2023, at 2:00 p.m.**; and

(8) Requests for special jury instructions with appropriate citations to authority pursuant to Local Rule 7.4 shall be filed on or before **June 9, 2023**.

**IT IS SO ORDERED.**

ENTER:

*/s/ Debra C. Poplin*
Debra C. Poplin
United States Magistrate Judge