# UNITED STATES DISTRICT COURT
for the

Eastern District of Tennessee

| | |
|---|---|
| United States of America ) | |
| v. ) | Case No: 3:22-CR-6 |
| Osman Saavedra-Sarmiento ) | |
| ) | USM No: 72780-050 |
| Date of Original Judgment: 8/11/2023 ) | |
| Date of Previous Amended Judgment: ) | Jonathan A. Moffatt |
| | *Defendant's Attorney* |

## ORDER REGARDING MOTION FOR SENTENCE REDUCTION
## PURSUANT TO 18 U.S.C. § 3582(c)(2)

Upon motion of ☒ the defendant ☐ the Director of the Bureau of Prisons ☐ the court under 18 U.S.C. § 3582(c)(2) for a reduction in the term of imprisonment imposed based on a guideline sentencing range that has subsequently been lowered and made retroactive by the United States Sentencing Commission pursuant to 28 U.S.C. § 994(u), and having considered such motion, and taking into account the policy statement set forth at USSG §1B1.10 and the sentencing factors set forth in 18 U.S.C. § 3553(a), to the extent that they are applicable,

**IT IS ORDERED** that the motion is:
☐ DENIED. ☒ GRANTED and the defendant's previously imposed sentence of imprisonment of 28 months **is reduced to** 26 months .

Please see the attached analysis.

Except as otherwise provided, all provisions of the judgment dated 8/11/2023 shall remain in effect.
**IT IS SO ORDERED**.

Order Date: 7/1/2024

*Judge's signature*

Effective Date: _____
*(if different from order date)*

KATHERINE A. CRYTZER, United States District Judge
*Printed name and title*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | No.: 3:22-CR-6-KAC-DCP |
| OSMAN SAAVEDRA-SARMIENTO, | ) ) | |
| Defendant. | ) ) | |

## **ANALYSIS**

This case is before the Court on the Parties' "Joint Motion Under Guideline Amendment 821, Part A" [Doc. 35] filed by the United States and Defendant Osman Saavedra-Sarmiento. On August 11, 2023, the Court sentenced Defendant to twenty-eight (28) months' imprisonment for (1) false use of a Social Security number, in violation of 42 U.S.C. § 408(a)(7)(B), and (2) aggravated identity theft, in violation of 18 U.S.C. § 1028A(a)(1) [Doc. 33 at 1-2]. The Parties ask the Court to reduce Defendant's term of imprisonment from twenty-eight (28) months to twenty-six (26) months under 18 U.S.C. § 3582(c)(2) [Doc. 35 at 3].

Generally, a district court "does not have the authority to change or modify [a] sentence unless such authority is expressly granted by statute." *United States v. Thompson*, 714 F.3d 946, 948 (6th Cir. 2013). 18 U.S.C. § 3582(c)(2) provides that if "a defendant has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. § 994(o)," then "the Court may reduce the term of imprisonment, after considering" the relevant 18 U.S.C. § 3553(a) factors and the "applicable [Sentencing Commission] policy statements." 18 U.S.C. § 3582(c)(2). However, the "decision

2

Case 3:22-cr-00006-KAC-DCP   Document 36   Filed 07/01/24   Page 2 of 4   PageID #: 151

whether and to what extent to grant an authorized sentence reduction is discretionary." *United States v. Monday*, 390 F. App'x 550, 554 (6th Cir. 2010).

In 2023, the Sentencing Commission promulgated Amendment 821 to the United States Sentencing Guidelines and voted to apply Parts A and B of Amendment 821 retroactively. *See* U.S.S.G. § 1B1.10(d). Under the relevant Sentencing Commission policy statement, to determine if a reduced sentence is warranted, the Court must first "determine the amended guideline range that would have applied to the defendant" if Amendment 821 "had been in effect at the time the defendant was sentenced." *Id.* § 1B1.10(b)(1). The Court must initially "leave all other guideline applications unaffected." *Id.*

As is relevant here, Amendment 821 amended Section 4A1.1 of the Guidelines:

Section 4A1.1 is amended—
by striking subsection (d) as follows:
"(d) Add 2 points if the defendant committed the instant offense while under any criminal justice sentence, including probation, parole, supervised release, imprisonment, work release, or escape status.";
by redesignating subsection (e) as subsection (d);
and by inserting at the end the following new subsection (e):
"(e) Add 1 point if the defendant (1) receives 7 or more points under subsections (a) through (d), and (2) committed the instant offense while under any criminal justice sentence, including probation, parole, supervised release, imprisonment, work release, or escape status.".

U.S. Sent'g Comm'n, Amendment 821 (2023).

Here, Defendant is eligible for a reduction under Section 4A1.1(e). When initially sentenced, Defendant had a subtotal criminal history score of eight (8) [Doc. 25 ¶ 40, *sealed]. The then-existing text of Section 4A1.1(d) required that two (2) points be added to that subtotal because he committed the offense while under a criminal justice sentence [*Id.* ¶ 41]. This resulted in a criminal history category of five (V) [*Id.* ¶ 42]. Based on a total offense level of four (4) and a criminal history category of five (V), Defendant's previous advisory guideline

range was four (4) to ten (10) months' imprisonment [*Id.* ¶¶ 31, 40-42, 62]. Defendant was subject to a statutorily required consecutive minimum sentence of twenty-four (24) months' imprisonment, resulting in an effective advisory guideline range of twenty-eight (28) to thirty-four (34) months' imprisonment [*Id.* ¶ 62]. The Court sentenced Defendant to twenty-eight (28) months' imprisonment [Doc. 33 at 2].

Under Amendment 821 and the current text of Section 4A1.1(e), Defendant would now receive only one (1) additional criminal history point for committing the offense while under a criminal justice sentence. *See* U.S.S.G. § 4A1.1(e). Therefore, his criminal history score would be nine (9), resulting in a criminal history category of four (IV) and an amended guideline range of two (2) to eight (8) months' imprisonment. Including the statutorily required consecutive minimum sentence, Defendant's amended effective advisory guideline range is twenty-six (26) to thirty-two (32) months' imprisonment. *See* 18 U.S.C. § 1028A.

The relevant Section 3553(a) factors also support a reduction of Defendant's term of imprisonment to twenty-six (26) months' imprisonment. To date, Defendant has not incurred any disciplinary sanctions while in custody [Doc. 35 at 3]. *See* 18 U.S.C. § 3553(a)(1). Upon release, Defendant will have served a substantial custodial sentence for his crimes. *See id.* § 3553(a)(2)(A). And Defendant still must serve three (3) years of supervised release, which will provide adequate deterrence and protect the public [Doc. 33 at 3]. *See* 18 U.S.C. § 3553(a)(2)(B), (C). The "kinds of sentence and sentencing range established" and the pertinent Sentencing Commission policy statements also favor the reduction. *See id.* § 3553(a)(4)-(5).